John BERFECT

v.

AMERICAN COMMERCIAL BARGE LINES et al.

Civ. A. No. 80–0523.

United States District Court, E. D. Louisiana.

Jan. 13, 1981.

Robert T. Hughes, New Orleans, La., for plaintiff.

Fred E. Salley, New Orleans, La., for defendant.

ARCENEAUX, District Judge.

The summary judgment urged by defendants was heard on November 12, 1980. Pursuant to that motion, the Court dismissed defendant American Commercial Barge Lines. The Court indicated to the remaining parties that it would, if possible, decide the issue of seaman's status on memoranda only. The parties assented.

Having reviewed all memoranda, it is ORDERED that the issue of seaman's status be decided in favor of defendant, Louisiana Dock Company, Inc., and against plaintiff John Berfect, all as more fully set forth below.

## MATERIAL FACTS

Plaintiff was employed by defendant Louisiana Dock Company when, on or about May 12, 1978, he sustained injury while working aboard a so-called "work flat" or pontoon. This structure is owned by Louisiana Dock Co., Inc., and is utilized by its employees in the repair of vessels. The work flat, measuring approximately nine feet in width and twelve feet in length, was floating in the Mississippi River and moored to a barge at the time of the accident. Plaintiff was performing welding repair upon the barge when he tripped over a block of wood on the work flat.

Plaintiff states in his deposition that he might work as many as twelve days out of a month aboard the work flat. The work flat has no motive power and is towed or pulled about the barge repair area. It was located adjacent to the dry dock when plaintiff sustained his injury.

## LAW

A survey of all cases cited by the parties as well as this Court's own research indicates that this Circuit has yet to decide the issue of seaman's status in a case involving a small raft-like work platform. While this Court is cognizant of the caselaw mandating that "even marginal claims" of seaman's status should be determined by the jury, it feels that the facts of this case are sufficiently clear to allow decision by the Court on memoranda only. *Smith v. Massman Construction Co.*, 607 F.2d 87 (5th Cir. 1979); *Leonard v. Exxon Corp.*, 581 F.2d 522 (5th Cir. 1978); *Longmire v. Sea Drilling Corp.*, 610 F.2d 1342 (5th Cir. 1980).

The Fifth Circuit has indicated, however, those criteria which will govern determination of seaman's status. The three-prong *Robison* test (*Offshore v. Robison*, 266 F.2d 769 (5th Cir. 1959)), has been refined and shaped by the vast number of varying factual settings with which the courts of this circuit have been presented. A brief review of those decisions will outline the factual context within which this Court's finding was reached.

Numerous decisions of this circuit have held that floating barges which are utilized as mere work-stages are not "vessels" and that, as a result, those working aboard them are not Jones Act seamen. The structures involved in these cases have generally been significantly larger than the small work flat involved here, and are therefore factually distinguishable. *Cook v. Beldon Concrete*, 472 F.2d 999 (5th Cir. 1973) (barge measuring 180' × 54', moored to dock, *held* not a vessel, when not designed for moving passengers, cargo or equipment from place to place across navigable waters); *Thibodeaux v. J. Ray McDermott Co.*, 276 F.2d 42 (5th Cir. 1960) (*held*, unmanned barge, measuring 240' × 70', not a vessel); *Atkins v. Greenville Shipbuilding Corp.*, 411 F.2d 279 (5th Cir. 1969), *cert. denied*, 396 U.S. 846, 90 S.Ct. 105, 24 L.Ed.2d 96 (1969) (*held*, floating dry dock, lacking motive power and moved by tow, not a vessel); *Leonard, supra*, (*held*, structure composed of four flat deck barges, not a vessel); *cf., Hicks v. ODECO*, 512 F.2d 817 (5th Cir. 1975) (*held*, round barge without motive power and similar to submersible drilling barge, is a vessel).

The two circuit court decisions dealing with a small floating work flat reach opposite conclusions as to the status of such a structure. In *Slatton v. Martin K. Eby Construction Company, Inc.*, 506 F.2d 505 (8th Cir. 1974), a welder was injured while working on a 20' × 46' floating work barge moored to the bank of the Arkansas River. The case was heard to a jury which found seaman's status. On appeal, the Eighth Circuit stated "... we are not prepared to hold as a matter of law that the barge in question was not a vessel or that the plaintiff was not a crew member within the liberal definition of those terms under the Jones Act ..." *Slatton, supra* at 510.

This holding is contrasted with the First Circuit decision in *Powers v. Bethlehem Steel Corp.*, 477 F.2d 643 (1st Cir. 1973). Facts and inferences "taken most favorably to plaintiff" mandated that Court's holding that a work raft without motive power and measuring 5' × 25' was not a vessel, but rather a mere floating work stage, acting as an extension of land. The Court recognized that rafts may be built to encounter the perils of the sea, but noted that a work pontoon such as this was not a member of that class.

This abbreviated description of the various structures which the courts have attempted to categorize as vessel or non-vessel must be viewed against the legal theories which determined those categorizations. In this Circuit, the test for vessel status has been stated in several ways.

In *Hicks, supra,* at 823, the Fifth Circuit decreed that the controlling considerations in a determination of vessel status were 1) the purpose for which the facility was constructed; and, 2) the business in which it is engaged. *Robison* dictum indicates that, for the purposes of Jones Act jurisdiction, the term vessel encompasses almost any structure that once floated or is capable of floating on navigable waters, and should include special purpose structures not usually employed as a means of transport on water, but designed to float in water. The more recent *Cook* decision, however, holds that a construction platform which was nei-

ther designed for nor engaged in navigation, is not, as a matter of law, a vessel under the Jones Act.

Applying these legal directives to the facts of this case, it is the opinion of this Court that the work flat upon which plaintiff was injured is not, as a matter of law, a vessel. It was not designed for nor is it engaged in navigation. Stated another way, it was not constructed for "navigational" purposes; rather, it was constructed as a raft whose purpose was to act as a floating work stage. It is not capable of withstanding the perils of the sea, and achieves mobility only when pulled or pushed.

Inasmuch as it is the opinion of this Court that this structure is not a vessel, it is not necessary for it to address the issue of whether or not the plaintiff was a member of the crew.

Accordingly, it is ordered that the issue of seaman's status is decided in favor of defendant Louisiana Dock Company, Inc. As a result, plaintiff's claims against that defendant Louisiana Dock Company, Inc., under the Jones Act and the general maritime law must fall.

Judgment will be entered accordingly.